IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FADZEN, )
    Plaintiff, )
)
vs. ) Civil Action No. 13-385
) Magistrate Judge Mitchell
PITTSBURGH PUBLIC SCHOOL DISTRICT, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Fadzen, brings this action against his former employer, Pittsburgh Public School District ("the District"), alleging claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12117 (ADA), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA), arising out of District's October 31, 2011 suspension of and August 22, 2012 termination of his employment as the Chief of School Safety.

Presently pending before the Court is a motion to dismiss, filed by the Defendant. Specifically, it argues that this Court should abstain from exercising jurisdiction over this case, or in the alternative stay the proceedings, because of an ongoing parallel state proceeding, pursuant to Younger v. Harris, 401 U.S. 37 (1971). Plaintiff responds that the state proceeding, an appeal to the Court of Common Pleas from an administrative hearing and decision, does not provide him with an adequate opportunity to raise the claims he has raised herein. For the reasons that follow, the motion will be granted, but the matter will be stayed pending the conclusion of Plaintiff's state court appeal.

Facts

From 1994 until on or about August 22, 2012, Plaintiff was employed by the District in

the position of Chief of School Safety. (Compl. ¶ 6.)[1] Plaintiff indicates that he performed the essential job duties of his position without accommodation, and was successful in the completion of his job duties. During his employment, Plaintiff suffered from a number of medical conditions, all of which Defendant was made aware of. Plaintiff's medical conditions were, and remain, ongoing and he receives treatment as and when necessary. (Compl. ¶¶ 7-8.)

On September 16, 2011, Plaintiff was called into a meeting with the District's director of human resources, Jody Spolar, and an outside investigator hired by the Defendant School District, Gretchen Love. During that September 16, 2011 meeting, Plaintiff was informed that he was being suspended as the result of an investigation into an allegation that he had engaged in an improper traffic stop in July of 2011. This meeting was the first time that the Plaintiff was made aware of any issue, investigation or concern regarding the performance of his job duties in July of 2011. (Compl. ¶¶ 9-11.)

On October 31, 2011, Plaintiff was informed that his suspension was being converted from "with pay" to "without pay"; Plaintiff remained suspended without pay until his termination on or about August 22, 2012. Plaintiff alleges that the purported investigation into his conduct in July 2011 was a predetermined, results-driven exercise designed to provide the Defendant with a pretextual justification to terminate his employment. The investigation and resultant findings were pretextual and were not the real reason for his termination. (Compl. ¶¶ 12-14.) He further alleges that Investigator Love, who was hired by the District to work as a consultant and to provide a purported unbiased "outside" view of the information obtained in the investigation, was aware of the outcome desired by the District – namely to provide a pretextual justification for the termination of the Plaintiff – and Investigator Love allowed her purportedly

---

[1] ECF No. 1.

impartial investigation to be driven by that desired outcome.  Both Investigator Love and Ms. Spolar were aware of the Plaintiff's medical conditions, and both were aware of the prior medical leaves the Plaintiff had taken as a result of his medical conditions (including the medical leave Plaintiff had taken immediately prior to the September 16, 2011 meeting) at the time of the purported investigation.  (Compl. ¶¶ 15-16.)

Plaintiff alleges that the Defendant perceived him to be disabled.  Prior to this investigation, Plaintiff had been subjected to multiple comments regarding his health, the medical devices prescribed to him as a result of his medical conditions, and his ability to perform his job functions.  The comments were made by the District's former Superintendent, Mark Roosevelt, in the presence of a number of the current high-ranking officials of the District.  Former Superintendent Roosevelt also made numerous comments regarding the Plaintiff, particularly that he wanted the Plaintiff "off the bus," and routinely told employees that the Plaintiff would be retiring "in a couple years."  Former Superintendent Roosevelt's comments regarding the Plaintiff have caused the current administration at the District to act in a pretextual manner in order to get the Plaintiff "off the bus."  Finally, he alleges that he was replaced by a significantly younger individual.  (Compl. ¶¶ 17-20.)

Administrative Proceedings

On November 14, 2011, the District brought charges against Plaintiff pursuant to 24 P.S. § 5-514 of the Public School Code of 1949.  The charges arose out of an incident that occurred on July 22, 2011, when he allegedly pursued an ambulance at a close distance in a manner that caused safety concerns, initiated a traffic stop, acted in an inappropriate and unprofessional manner, stated his intent to issue citations to the driver for the alleged traffic infraction that led to the encounter and contacted a supervisor of the ambulance company while falsely identifying

3

himself as a City of Pittsburgh police officer. (Findings of Fact (FOF) ¶ 13.)[2] Plaintiff, who is a lawyer, exercised his right to a public hearing and was represented by counsel. The hearing officer convened hearings on the following dates: January 25, 2012, January 26, 2012, January 31, 2012, February 1, 2012, February 16, 2012, February 17, 2012, March 8, 2012, and March 9, 2012. (FOF ¶¶ 8, 10, 16.)

Counsel for both parties raised numerous written objections and verbal objections to the admission of evidence and the conduct of the proceedings, which were timely ruled upon by counsel for the Board and consistent with the rules of evidence under Local Agency Law, 2 Pa. C.S. § 554. Plaintiff utilized the Right to Know Act to secure documents and records. Both parties had access to and used the subpoena power of the local agency law to adduce testimony, both parties were permitted to call all witnesses that they respectively required and/or subpoenaed and were permitted to cross-examine witnesses liberally and without time restriction, both parties were provided adequate time and opportunity to review documentary evidence and no objections were made by either party relating to the quality or accuracy of the stenographic transcript of the hearings. (FOF ¶¶ 18-25.)

On August 22, 2012, the Board entered a Resolution adopting the Findings of Fact and Conclusions of Law from the adjudication by the independent hearing officer. The Board concluded that Plaintiff was unfit to continue in his position as Chief of School Safety and voted unanimously to terminate his employment as of August 22, 2012. (FOF ¶¶ 244-58; Conclusions of Law ¶¶ 36-44 & Order at 89.)

Plaintiff filed an appeal in the Court of Common Pleas of Allegheny County, which was

---

[2] ECF No. 11 Ex. A.

dated November 1, 2012 and assigned No. GD-12-020977.[3] The appeal is currently pending in that court.

Procedural History

On March 12, 2012, Plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission (EEOC) and requested dual filing with the Pennsylvania Human Relations Commission. On December 18, 2012, the EEOC issued a Dismissal and Notice of Rights Letter. (Compl. ¶¶ 22-23.)

Plaintiff filed this complaint on March 15, 2013. Count I alleges a claim of age discrimination under the ADEA. Count II alleges a claim of disability discrimination under the ADA. Count III alleges age and disability discrimination in violation of the PHRA. He seeks both injunctive relief and damages, including costs of suit, attorney's fees, compensatory, liquidated, exemplary and punitive damages, and he requests a jury trial. On August 5, 2013, Defendant filed an answer to the complaint with affirmative defenses, to which it attached the School Board's August 22, 2012 Resolution and Plaintiff's appeal to the Allegheny County Court of Common Pleas (ECF No. 8 & Exs. A, B).

On August 30, 2013, Defendant filed a motion to dismiss or stay (ECF No. 10) and a brief in support (ECF No. 11), to which it attached again the Resolution and appeal (Exs. A, B). Plaintiff filed his brief in opposition on September 24, 2013 (ECF No. 15) and Defendant filed a reply brief on October 4, 2013 (ECF No. 16).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for a

---

[3] Plaintiff initially filed a petition for review in the Pennsylvania Commonwealth Court on September 21, 2012. However, the appellate court determined that the matter appropriately belonged in the Court of Common Pleas and transferred it there on September 28, 2012. (ECF No. 11 Ex. B.)

motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

"Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). In addition, "[c]ourts ruling on Rule 12(b)(6) motions may take judicial notice of public records." Anspach ex rel. Anspach v. City of Phila., 503 F.3d 256,

6

273 n.11 (3d Cir. 2007). Thus, the Court can examine the Resolution and Findings of Fact/Conclusions of Law and the appeal, as they are public records and Plaintiff has not contested their authenticity.

Technically, because Defendant already filed an answer to the complaint, its motion should have been filed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). However, a motion for judgment on the pleadings is treated in the same manner as a motion to dismiss for failure to state a claim upon which relief may be granted. The court should "accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth. of NY& NJ, 598 F.3d 128, 134 (3d Cir. 2010) (citing Turbe v. Government of the V.I., 938 F.2d 427, 428 (3d Cir. 1991)).

Defendant argues that the Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). Plaintiff contends that this Court may retain this case even while the parallel case proceeds in state court.

Younger Abstention

As summarized by the Court of Appeals for the Third Circuit:

> In certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). However, such abstention is appropriate only when the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010).[4] Younger itself involved state criminal proceedings, but the doctrine has been extended to civil proceedings and administrative proceedings. Moore v. Sims, 442 U.S. 412 (1979); Middlesex, 457 U.S. at 432-34. The doctrine continues to apply until all appellate remedies have been exhausted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975).

Defendant contends that there are ongoing state proceedings (namely Plaintiff's appeal in the Court of Common Pleas), that the state proceedings implicate important state interests and that they afford him an adequate opportunity to raise his federal claims. Plaintiff argues that, even assuming that the first and second prongs are met,[5] the state proceeding does not afford him an adequate opportunity to raise his federal claims.

Defendant argues that, in his administrative proceeding, Plaintiff alleged claims of bias against the District, including claims of bias by former Superintendent Mark Roosevelt and claims that the investigation into the incident was pretextual in nature and motivated by bias on the part of the investigator. (FOF ¶¶ 197-202, 209-13.) It contends that Plaintiff has made the same allegations in this case. (Compl. ¶¶ 14-19.) However, upon closer review, it appears that the allegations of bias on the part of the investigator were based on her involvement in two previous incidents concerning Plaintiff and the allegations of bias on the part of Roosevelt were based on Plaintiff's belief that Roosevelt wanted him fired because he had different ideas about

---

[4] The court noted that, even when the three-prong test is met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist...." Id. n.4 (quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). Neither exception is applicable here.

[5] The prongs are clearly met: it cannot be disputed that there are ongoing state proceedings and a "state's interest in education is a substantial one…." Williams v. Red Bank Bd. of Educ., 662 F.2d 1008, 1017 (3d Cir. 1981). In addition, prohibiting unlawful discrimination is an important state interest. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986).

school policing and because he deemed Plaintiff responsible for numerous inappropriate leaks to the media and thought that the School Safety Department was "creating fires so that they could put them out." (FOF ¶¶ 197-98, 214.) Neither of these allegations of "bias" raises an inference connected to unlawful age or disability discrimination. Thus, it cannot be said that Plaintiff actually raised his claims of age or disability discrimination in the administrative proceeding.

Nevertheless, the "burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of its claims." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987) (citation omitted). In Pennzoil, after Texaco lost a suit in Texas state court in which Pennzoil argued that it tortiously interfered with its contract with Getty Oil Co. but before Pennzoil could execute on the judgment, Texaco brought suit in federal court in New York, arguing that the Texas proceedings violated its rights under the Constitution and various federal statutes. Texaco had not raised its federal claims in state court, but the Supreme Court found that it had not demonstrated that it was unable to do so, stating that "when a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. at 15. The Court concluded that:

> Because Texaco apparently did not give the Texas courts an opportunity to adjudicate its constitutional claims, and because Texaco cannot demonstrate that the Texas courts were not then open to adjudicate its claims, there is no basis for concluding that the Texas law and procedures were so deficient that Younger abstention is inappropriate. Accordingly, we conclude that the District Court should have abstained.

Id. at 17. Moreover, the Court of Appeals has held that the third prong of the Younger test "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." O'Neill v. City of Philadelphia, 32 F.3d 785, 792 (3d Cir. 1994) (citation omitted). Thus, even if

9

Plaintiff could not have raised his claims in the administrative proceeding, if he could still present them in the judicial review of that proceeding, this satisfies the third prong of Younger.

Plaintiff notes that his appeal to the Court of Common Pleas is reviewed under the following provision of Pennsylvania law:

> Complete record.--In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C.S. § 706 (relating to disposition of appeals).

2 Pa. C.S. § 754(b). As the cross-reference indicates, an appellate court may "affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." 2 Pa. C.S. § 706. Thus, Plaintiff contends, a Court of Common Pleas is unable to issue a permanent injunction, a remedy that a federal court is authorized to enter pursuant to the ADEA, the ADA and the PHRA. He further argues that he would be denied the right to assert punitive and liquidated damages, the right to a jury trial and even the right to a hearing. Plaintiff asserts that it is ludicrous to contend that the District's School Board, the very agency whose actions Plaintiff challenges herein, would issue a decision finding that it had, itself, violated the ADEA and/or the ADA, and therefore issue punitive, liquidated or compensatory damages, attorney's fees and a permanent injunction against itself.

Moreover, Plaintiff contends that Defendant's argument that he could have raised claims of discrimination as <u>defenses</u> to the disciplinary proceedings would upend the entirety of civil

10

rights law. Finally, he notes that he could not have even raised his claims at the administrative level because he filed a charge of discrimination with the EEOC on March 12, 2012 and the EEOC had exclusive jurisdiction of his claim for 60 days under the ADEA and 180 days under the ADA. 29 U.S.C. § 633; 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5).

In a reply brief, Defendant argues that: 1) Plaintiff has not satisfied his burden to show that the state proceedings did not afford him any opportunity to raise his federal claims; 2) the lack of certain types of relief does not render the state proceedings inadequate; 3) the state court can issue reinstatement which is the injunction he seeks; 4) punitive damages are not available against the District under the ADEA or the ADA; 5) the lack of a right to a jury trial has never precluded abstention where appropriate; 6) the Court of Common Pleas can conduct de novo hearings if it determines that the record is inadequate or the proceedings were biased or unfair; 7) the administrative hearings concluded three days before he filed his EEOC complaint and he had eight days and 60 hours of proceedings in which to present his claims prior to the EEOC adjudication; and 8) he cites no authority for the argument that he could not assert his discrimination claims as defenses in the administrative proceedings.

Plaintiff has pointed to no authority to show that he could not have raised his claims of discrimination in the administrative proceeding. He argues somewhat circularly that the Board would not have concluded that the Board itself was violating the ADA or the ADEA by terminating his employment and then issued an ordering imposing various forms of damages against itself. However, this argument is not on point: if the independent hearing examiner or the Board had concluded that unlawful discrimination was the impetus behind the charges filed against him, the decision to terminate his employment would not have been made in the first instance. Thus, he would not have needed reinstatement or damages.

With respect to the remaining arguments, Defendant correctly notes that: the unavailability of damages and attorney's fees does not render a state proceeding "inadequate" for Younger purposes, see Williams, 662 F.2d at 1022; punitive damages are not available against government agencies or municipalities under the ADA, see Doe v. County of Centre, 242 F.3d 437, 457 (3d Cir. 2001); liquidated damages are available against a municipality under the ADEA for a willful violation such that basic damage awards may be doubled, see Potence v. Hazelton Area School District, 357 F.3d 366, 372-73 (3d Cir. 2004), but "punitive damages" in the sense of unlimited awards are not contemplated;[6] the Court of Common Pleas can enter an injunction and the case Plaintiff cites, Norristown School District v. A.V., 495 A.2d 990 (Pa. Commw. 1985), does not hold that appellate courts in Pennsylvania may not issue permanent injunctions, but merely holds that, in the unusual circumstances presented in that case, the trial court's order was inappropriate; the right to a jury trial in the state proceeding is not determinative, see Middlesex, 457 U.S. 423 (finding abstention appropriate pending state board disciplinary hearing), and Ohio Civil Rights Comm'n, 477 U.S. 619 (finding abstention appropriate pending Commission's investigation into employment discrimination claim); he has not explained why he could not have raised the federal claims in the administrative hearings, which concluded three days before he filed his EEOC charge on March 12, 2012; and "no reason appears why Plaintiffs' contentions here could not be interposed as defenses in state court." D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1229 (10th Cir. 2004)—indeed, the federal claims need not even be cognizable as a "defense" to be adequate, Moore, 442 U.S. at 430 n.12.

The Court concludes that Plaintiff has failed to demonstrate that the state proceedings were inadequate to raise his federal claims. Therefore, Younger abstention applies.

---

[6] In addition, punitive damages are not available against any defendant under the PHRA. See Hoy v. Angelone, 720 A.2d 745, 749 (Pa. 1998).

12

Dismissal or Stay

Defendant has quoted a passage from the Williams case about the "usual" procedure in Younger abstention cases being to dismiss rather than stay, but has omitted the next section which explains why the court should stay those requests for relief that are not available in the state proceeding. 662 F.2d at 1023-24. The Supreme Court has approved of the Third Circuit rule "that requires a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceeding…. It allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (footnote and citation omitted).

The parties have not fully briefed the issue of whether Plaintiff's various requests for relief are available in the state proceedings. Therefore, and in an abundance of caution, the case will be stayed rather than dismissed, pending the conclusion of the state court appeal. See Addiction Specialists, 411 F.3d at 413-14 (suggesting that district court stay rather than dismiss requests for relief when it was uncertain if they could be raised in state court).

For these reasons, the motion to dismiss submitted on behalf of defendants (ECF No. 10) will be granted and the case stayed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FADZEN,<br>    Plaintiff,<br><br>vs.<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT,<br>    Defendants. | Civil Action No. 13-385<br>Magistrate Judge Mitchell |

ORDER

AND NOW, this 18th day of October, 2013, for the reasons explained above,

IT IS HEREBY ORDERED that the motion to dismiss submitted on behalf of defendants (ECF No. 10) is granted and that this case is stayed pending the conclusion of Plaintiff's state court appeal.

                                                        s/Robert C. Mitchell
                                                        ROBERT C. MITCHELL
                                                        United States Magistrate Judge